*Rodriguez Urena v. Barr*

BIA
Laforest, IJ
A045 875 077

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand nineteen.

PRESENT:     JON O. NEWMAN,
             PETER W. HALL,
             DENNY CHIN,
                   *Circuit Judges.*
_____

RAUL ANGEL RODRIGUEZ URENA, AKA
RAUL A. RODRIGUEZ, AKA RAUL
RODRIGUEZ,
                   *Petitioner*,

             v.                                                    18-2134

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
                   *Respondent.*
_____

FOR PETITIONER:          Heidi J. Meyers, Law Office of Heidi J. Meyers,
                         New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Derek
                         C. Julius, Assistant Director; Zoe J. Heller, Senior
                         Litigation Counsel, Office of Immigration Litigation,
                         United States Department of Justice, Washington,
                         DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Raul Angel Rodriguez Urena, a native and citizen of the Dominican Republic, seeks review of a July 5, 2018 decision of the BIA affirming an April 11, 2017 decision of an Immigration Judge ("IJ") ordering him removed based on his convictions under the General Laws of Massachusetts ("Mass. Gen. Laws"), ch. 94C § 32, for possession with intent to distribute a controlled substance and finding him ineligible for a waiver of inadmissibility. *In re Raul Angel Rodriguez Urena,* No. A 045 875 077 (B.I.A. July 5, 2018), *aff'g* No. A 045 875 077 (Immig. Ct. N.Y. City Apr. 11, 2017). The agency sustained removability on both charged grounds: that Rodriguez Urena's Massachusetts convictions were crimes involving moral turpitude ("CIMTs") under 8 U.S.C. § 1182(a)(2)(A)(i)(I) and were controlled substance offenses under § 1182(a)(2)(A)(i)(II) because they involved possession with intent to distribute heroin. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Our jurisdiction is limited to constitutional claims and questions of law when reviewing a final order of removal for an individual, like Rodriguez Urena, who is deemed removable for having been convicted of controlled substance offenses and CIMTs. Our jurisdiction extends, nonetheless, to the question of whether a conviction is a removable offense. 8 U.S.C. § 1252(a)(2)(C), (D); *Lanferman v. BIA*, 576 F.3d

2

84, 87–88 (2d Cir. 2009) (*per curiam*). We review the determination of such questions *de novo*. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Rodriguez Urena does not challenge the agency's determination that he is removable for having been convicted of CIMTs, and so any challenge to removability on this ground is abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived). Accordingly, we address only whether his convictions are also controlled substance offenses and, if so, whether they render him ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h).

Rodriguez Urena was charged as removable under the Immigration and Nationality Act ("INA") provision that instructs that an alien is removable if convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II). He concedes that he pleaded guilty to two counts of unlawful possession with intent to distribute a Class A controlled substance in violation of Mass. Gen. Law ch. 94C § 32, but he argues that the state statute criminalizes more drugs than the federal controlled substance schedules and is thus not a categorical match with the statutory ground for removability.

In determining whether a conviction constitutes a removable offense, we apply the categorical approach to ascertain "whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding" offense listed in the INA. *Flores v. Holder*, 779 F.3d 159, 165 (2d Cir. 2015) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)). Under this approach, we look only to the statute of conviction to determine whether there is a categorical match and "'presume that the conviction rested upon nothing more

3

than the least of the acts criminalized' under the state statute." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015) (quoting *Moncrieffe*, 569 U.S. at 190–91).

The Massachusetts statute at issue provides that a person is guilty of unlawful possession with intent to distribute a Class A controlled substance if he "knowingly or intentionally manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute or dispense a controlled substance in Class A of section thirty-one." Mass. Gen. Laws ch. 94C § 32(a). Heroin is listed as a Class A controlled substance. *See id.* § 31(b)(10). The parties, however, do not dispute that this Massachusetts statute covers more substances than the federal schedule, and so we assume there is no categorical match.

We must next determine whether the state statute is divisible, that is, whether the specific "Class A" controlled substance implicated—in this case heroin—is an element of the crime or simply a factual means of committing the offense. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). This "threshold inquiry" is satisfied if "a state court decision definitively answers the question." *Id*. at 2256. As the BIA found, Mass. Gen. Laws ch. 94C § 32 is divisible because Massachusetts case law is clear: the specific controlled substance charged is an element of the offense. *See Commonwealth v. MacDonald*, 945 N.E.2d 260, 265 (Mass. 2011) (explaining that the prosecution must "prove beyond a reasonable doubt that the substance at issue is a particular drug because such proof *is an element of the crime charged*" (emphasis added) (internal quotation marks omitted)); *Commonwealth v. Vasquez*, 923 N.E.2d 524, 534 (Mass. 2010) (same). Proof of the specific controlled substance is necessary because the prosecution otherwise could not prove beyond a reasonable doubt that the substance was, for example, "'cocaine' and not another drug or ersatz cocaine." *Id.*

4

Having properly determined that Rodriguez Urena's statute of conviction is divisible, the BIA was entitled to look at the record documents to ascertain the specific controlled substance upon which Rodriguez Urena's convictions rested. *See Descamps v. United States*, 570 U.S. 254, 263–64 (2013); *Mathis*, 136 S. Ct. at 2256–57. The criminal complaint for Rodriguez Urena's relevant convictions charged as count one a violation of Mass. Gen. Laws ch. 94C § 32(a) and identified the controlled substance involved as heroin. His guilty plea to that charge, which is memorialized in a certificate of disposition specifying the same statutory violation and offense date as that identified in the complaint, was sufficient to establish that his conviction involved heroin. *See Johnson v. United States*, 559 U.S. 133, 144 (2010) (noting that courts applying modified categorical approach may "consult[] the trial record—including *charging documents*" (emphasis added)); *Shepard v. United States*, 544 U.S. 13, 26 (2005) (limiting courts' inquiry to "the charging document, . . . or to some comparable judicial record of this information"); *see also Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014) (holding that, under the modified categorical approach, "the government must demonstrate that the [criminal judgment] clearly and convincingly shows that [petitioner] pleaded guilty to the element as alleged in the complaint").

Because heroin is a controlled substance under federal law, Rodriguez Urena was removable as charged. *See* 21 U.S.C. §§ 802(6), 812(b)(10) (identifying heroin as a Schedule I controlled substance); 8 U.S.C. § 1182(a)(2)(A)(i)(II). Moreover, the controlled substance offense rendered Rodriguez Urena ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h). Section 1182(h) provides for a discretionary waiver of certain criminal grounds of inadmissibility. For drug offenses, however, the waiver is strictly limited: the Attorney General may waive the controlled substance ground of removability only "as it relates to a single offense

5

of simple possession of 30 grams or less of marijuana." *Id*. The agency found Rodriguez Urena ineligible for a § 1182(h) waiver because he had two controlled substance convictions involving heroin. Although the BIA may have erred in relying on both convictions given that the record only specifies the substance involved in one conviction, the single heroin conviction bars relief because it involved both distribution and a drug other than marijuana.

Finally, Rodriguez Urena argues that even if he is removable for controlled substance convictions, the Supreme Court's decision in *Judulang v. Holder*, 565 U.S. 42 (2011), supports his eligibility for a § 1182(h) waiver. His argument is misplaced because in *Judulang*, the Supreme Court considered the BIA's method of determining when an alien charged as *deportable* under 8 U.S.C. § 1227 should be found eligible to apply for a § 1182(c) waiver of *inadmissibility* (a provision that has since been repealed). 565 U.S. at 48–49. The same issues are not present here because Rodriguez Urena was charged as inadmissible under § 1182, not deportable under § 1227; so, he could (and did) apply for a waiver of inadmissibility, but, as discussed above, he was ineligible under the terms of § 1182(h).

We have considered Rodriguez Urena's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6